"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS W. STAGER, SR., | ) | Case No. CV 06-1905 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, this case is remanded for further proceedings pursuant to Sentence Four, and the Commissioner's request for an order affirming her final decision is denied.

In the JS, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by

Page 1

1 failing to properly evaluate the opinion of Plaintiff's treating physician, Fred F. Hafezi,

2 M.D.  The Commissioner disagrees.

3         <u>Plaintiff's Treating Physician</u>

4         In August 2002, Dr. Hafezi performed surgery on Plaintiff's left shoulder for

5 injuries that Plaintiff incurred while working as a television delivery person.

6 [Administrative Record ("AR") at 102-07, 114-18, 122-25.]   In January 2003, Dr.

7 Hafezi issued an orthopedic evaluation and permanent and stationary report on Plaintiff's

8 behalf.  [AR at 172-77.]  Dr. Hafezi diagnosed Plaintiff with the following impairments:

9 partial rupture of the anterior deltoplexy, anterior fibers left shoulder; healed rotator cuff

10 rent; healed impingement syndrome; healed chondral defect, humeral head; healed labral

11 tears, postoperative, left shoulder; and chronic herniation C4/5 and C5/6.  [AR at 174.]

12 Dr. Hafezi concluded Plaintiff's impairments resulted in a 25 percent loss of his preinjury

13 work capacity involving the left shoulder, and a 30 percent loss of his preinjury work

14 capacity involving the neck.  [AR at 175.]   Dr. Hafezi also reported that Plaintiff was

15 unable to engage in repetitive reaching overhead with the left upper extremity, heavy

16 lifting over 50 pounds, repetitive lifting over 20 pounds with the left upper extremity,

17 repetitive power torque movements, and repetitive upward gazing.  [AR at 174-75.]

18         In the Decision, the ALJ determined that Plaintiff suffered from neck and low back

19 pain and was status post arthroscopic surgery of the left shoulder.  [AR at 22.]  The ALJ

20 concluded that these impairments left Plaintiff with the residual functional capacity to

21 perform medium work activity that involves standing and sitting six hours in an eight

22 hour workday, carrying 50 pounds occasionally and 20 pounds frequently, lifting

23 overhead occasionally, and working in an environment free of excessive dust.  [AR at

24 23.]  In making these findings, the ALJ did not properly address all of Dr. Hafezi's

25 aforementioned critical findings or give any specific reasons for disregarding said

26 findings.  Specifically, although the ALJ summarized Dr. Hafezi's January 2003

27 permanent and stationary report, he failed to mention or give specific reasons for

28 rejecting Dr. Hafezi's opinion that Plaintiff's impairments also disabled him from

1  engaging in repetitive power torque actions and repetitive gazing.  [AR at 23, 175.]
2  Because Dr. Hafezi is a treating physician, the ALJ erred by failing to provide specific,
3  legitimate reasons for rejecting these aspects of Dr. Hafezi's opinions that were supported
4  by substantial evidence in the record.  *Benton ex. rel. Benton v. Barnhart,* 331 F.3d 1030,
5  1036 (9th Cir.2003); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).  While the ALJ
6  gave "great weight" to the opinion of the state agency physician who found that Plaintiff
7  was capable of medium work, the opinion of a non-examining medical advisor, by itself,
8  does not constitute substantial evidence to warrant the rejection of a treating physician's
9  opinion. [AR at 22, 181-89]; *see Morgan v. Commissioner of the Social Security Admin.*,
10  169 F.3d 595, 602 (9th Cir. 1999).   Accordingly, remand is appropriate for the
11  Commissioner to re-evaluate whether Plaintiff is disabled within the meaning of the Act,
12  after giving proper consideration to Dr. Hafezi's full opinion.
13
14                                    **II.  CONCLUSION**
15       For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's
16  claims for benefits is not free of legal error and supported by substantial evidence.
17  Accordingly, Plaintiff's request for an order remanding this case for further proceedings
18  pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's
19  request for an order affirming the Commissioner's final decision and dismissing the
20  action is DENIED.  The clerk shall enter judgment, close the file and terminate all
21  pending motions.
22
23  DATED:     December 18, 2006          ARTHUR NAKAZATO
                                          _____
24                                        ARTHUR NAKAZATO
                                          UNITED STATES MAGISTRATE JUDGE
25
26
27
28